HENRY C. HOLMES v. DAVID L. FULLER.

JANUARY TERM, 1896.

*Proximate cause.*

The defendant obstructed the plaintiff's private way over defendant's land by building a fence across it under claim of right. Thereupon the plaintiff caused it to be laid out as a public way and paid the defendant seventy dollars land damages as a condition thereof. *Held*, that the building of the fence was not the proximate cause of the payment of the seventy dollars, and that the plaintiff could not recover that sum as damages in a suit for the obstruction of the way.

Action on the case for obstructing the plaintiff's right of way. Plea, the general issue with notice. Trial by jury at the September term, 1895, Washington county, THOMPSON, J., presiding. Verdict and judgment for the plaintiff in the sum of thirty-five dollars and costs. The plaintiff excepts.

*S. C. Shurtleff* for the plaintiff.

The seventy dollars were recoverable as damages. 1 Sedg. Dam., s. 215; *Bennett* v. *Lockwood*, 20 Wend. 223; *Kansas Pacific Railway* v. *Mihlman*, 17 Kan. 224; *Clifford* v. *Richardson*, 18 Vt. 620; *Keys* v. *Western Vermont Slate Co.*, 34 Vt. 81; *Eureka Marble Co.* v. *Wardson Mfg. Co.*, 51 Vt. 170; *Worth* v. *Edmonds*, 52 Barbour 40.

*T. R. Gordon* and *J. W. Gordon* for the defendant.

The payment of the seventy dollars was too remote. Wash., Eas. & Serv., 4th ed., 745.

ROWELL, J. On August 31, 1893, the plaintiff was, and for some time had been, using under a claim of right, a private way over the defendant's land, to get from the street to the rear of his house and to his barn. On that day the defendant sued him in trespass for using the way. The plaintiff justified under a deed from the defendant, and such proceedings were had in the case that at the March term, 1894, a judgment was rendered therein for the plaintiff, by which his right was finally established. During the pending of that suit, and on November 6, 1893, the defendant, for the sole purpose of preventing the plaintiff from using the way, which he continued to do, built a fence along the side thereof in such a manner that the plaintiff could not pass therefrom to the rear of his house nor to his barn ; whereby and by means whereof he was damnified. Thereupon the plaintiff applied to the trustees of the village to make the way public, which, on due hearing, they decided to do if the plaintiff would pay the defendant's land damages, fixed at one hundred dollars, which the plaintiff consented to do, and thereupon obtained thirty dollars of it of one who owned a lot on the opposite side of the way, and furnished the balance himself, and paid the amount to the trustees, who paid it to the defendant, and the way was laid and opened to the public in about three weeks after the fence was built. The plaintiff was no better accommodated by the way after it was made public than he was before.

This suit is for obstructing the way by the fence, and the plaintiff seeks to recover as a part of his damages, the seventy dollars that he paid as land damages, claiming that the course he adopted to get rid of the fence was a proper and reasonable course, and consequently that the expense of it to him is justly chargeable to the defendant as a proximate result of his wrongful act.

Although a cause may lead to an infinite sequence of effects, yet the author of the initial cause cannot be made re-

sponsible for all the effects in the series. In order to make him responsible, you must have something immediately flowing from the act complained of, something immediately connected with it, and not connected with it merely through a series of causes intervening between the immediate consequence of the act and the damage or injury complained of.

*Sibley* v. *Hoar*, 4 Gray 222, was an action of tort for displacing from a wheel in plaintiffs' shop a belt used to carry their fan bellows, and attaching thereto a belt by which to carry machinery in defendant's foundry, accompanied with such forcible acts and threats as to lead the plaintiffs to believe that the interruption would be forcible and continuous, whereupon they discontinued using the bellows wheel, and were at expense and delay in fitting up another wheel to drive the fan for their bellows, for which they sought to recover, but it was held to be too contingent and remote.

That case is much stronger than this, for here there is nothing to show that the plaintiff was in any danger of encountering forcible resistance by the defendant if he undertook to remove the fence, which was the most direct and natural way to get rid of it, and hence it does not appear that it was at all necessary to resort to the indirect and expensive method adopted, by which a greater burden was imposed upon the defendant's land, for which the money paid to him was but compensation. It cannot be said, therefore, that the injury the plaintiff sustained in paying the seventy dollars flowed immediately and proximately from the defendant's wrongful act, but rather that it flowed from an intermediate and independent cause operating between the wrong and the injury.

*Judgment affirmed.*